SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
ONE MANHATTAN WEST
NEW YORK, NEW YORK 10001-8602
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TX 77002-5096
(713) 651-9366

SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100

SUITE 3000
401 UNION STREET
SEATTLE, WASHINGTON 98101-2683
(206) 516-3880

RYAN KIRKPATRICK
DIRECT DIAL (212) 729-2017

E-MAIL RKIRKPATRICK@SUSMANGODFREY.COM

August 20, 2026

**Via ECF**

Honorable Dale E. Ho
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Fleisher, et al. v. United States of America*, Case No. 1:26-cv-01096 (S.D.N.Y.), Joint Letter Regarding Initial Pretrial Conference

Dear Judge Ho:

Pursuant to the Court's February 11, 2026 Order, *see* ECF No. 6, the parties jointly submit this Letter in accordance with Paragraph 3.c of the Court's Individual Practices before the August 27, 2026 pretrial conference, ECF No. 24. Attached as Exhibit 1 to this Letter is a Proposed Civil Case Management Plan and Scheduling Order.

1. Nature of the Action and Principal Defenses.

*Plaintiffs' Description of the Action:*

This is a class action brought under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), to recover interest owed to Plaintiffs and members of the proposed class on their overpayments of federal taxes in connection with the COVID-19 pandemic.

Millions of Americans overpay their federal taxes each year and subsequently receive refunds processed by the IRS for those overpayments.

Pursuant to 26 U.S.C. § 6611(a), the default rule is that taxpayers are owed interest on overpayments because the government has had use of that money. However, there are several exemptions to that default rule that, in ordinary times, exempt the payment of interest on overpayments. *See* 26 U.S.C. § 6611(b)(3) & (e) (the "Interest-Limiting Exemptions"). In this case, Plaintiffs contend that:

(1) the federally declared disaster during the COVID-19 pandemic tolled class members' deadlines for filing tax returns and taking other actions, pursuant to the mandatory tolling provision of 26 U.S.C. § 7508A(d), that lasted from January 20, 2020 through July 10, 2023 (the "Mandatory Tolling Period"),
(2) the Interest-Limiting Exemptions did not apply to Plaintiffs' and class members' overpayments with respect to the Mandatory Tolling Period,[1] pursuant to 26 U.S.C. § 7508A(c), and
(3) the IRS, when refunding overpayments to Plaintiffs and members of the proposed class, failed to pay the interest required by 26 U.S.C. § 6611(a).

The major legal issues presented by this proposed class action therefore include: (1) whether the COVID-19 disaster declarations tolled deadlines, pursuant to 26 U.S.C. § 7508A(d); (2) the duration of the Mandatory Tolling Period; and (3) whether the Interest-Limiting Exemptions applied to the overpayments made by Plaintiffs and class members.

The major factual issues include: (1) the amount of refunded overpayments paid by the IRS to Plaintiffs and class members[2]; and (2) the dates and amounts needed to compute that amount of interest owed to Plaintiffs and class members for their overpayments.

*The United States' Description of Its Defenses:*

The United States' principal defense, as will be discussed in its forthcoming motion to dismiss, is that Plaintiffs' claim to relief relies on an erroneous interpretation of 26 U.S.C. § 7508A(d). Under the correct statutory interpretation, neither Plaintiffs nor the putative class members are entitled to any unpaid overpayment interest. The United States also anticipates opposing class certification because Plaintiffs are unable to meet the requirements of Federal Rule of Civil Procedure 23.

2. <u>Jurisdiction and Venue.</u>

---

[1] Technically the relevant overpayments are those that were made for taxes reported on returns that were filed by a deadline that was delayed by the Mandatory Tolling Period.

[2] *See supra* note 1.

The Court has subject-matter jurisdiction under 28 U.S.C. § 1346(a)(2) (the Little Tucker Act). *See* Compl. ¶ 13. Plaintiffs and the putative class members have claims against the United States for unpaid interest on overpayments of federal income tax, with no single claim exceeding $10,000.

The Court has personal jurisdiction, and venue is proper under 28 U.S.C. § 1402(a), because Plaintiffs Martin Fleisher and Andrea Bierstein reside in this District. *See* Compl. ¶ 15.

3. Existing Deadlines, Due Dates and Cut-Off Dates.

The only current deadlines, due dates or cut-off dates are the August 21, 2026, deadline for the United States to file a response to the Complaint, and the Initial Pretrial Conference scheduled for August 27, 2026.

As noted below in Paragraph 4, the United States anticipates filing a motion to dismiss on August 21, 2026. In light of the complex legal issues likely to be raised in that motion, the parties respectfully request that the Court enter the following briefing schedule for that forthcoming motion:

- Plaintiffs' Opposition due 60 days after the motion deadline, or by October 20, 2026; and
- Defendant's Reply in Support of its Motion due 30 days after Plaintiffs' Opposition deadline, or by November 19, 2026.

4. Outstanding Motions.

While no motions are currently outstanding, the United States anticipates filing a motion to dismiss on August 21, 2026.

5. Discovery—Existing and Necessary for Settlement.

No discovery has yet taken place. Given that the United States contends that it will present dispositive legal issues in its forthcoming motion to dismiss, the parties agree, subject to Court approval, that discovery should not commence until after the motion to dismiss is resolved and that case management deadlines should be scheduled thereafter. Accordingly, the parties have left the discovery deadlines in the attached proposed Case Management Plan and Scheduling Order "to be determined," following the Court's decision on the motion to dismiss. If the Court denies the United States' motion to dismiss, the parties agree to promptly confer and submit within 21 days a proposed Case Management Plan and Scheduling Order with discovery deadlines. In the interim, the United States agrees to investigate and meet and confer beforehand about its position with

regards to discovery of taxpayer overpayments, refunds, and alleged interest owed.

In discovery and as necessary for settlement, Plaintiffs may seek records sufficient to: (1) calculate the amounts of relevant refunds paid to members of the proposed class; and (2) determine which of those refunds was paid without the interest required to be paid by 26 U.S.C. § 6611(a) and the amount of that interest.

6. Prior Settlement Discussions.

There have been no prior settlement discussions.

7. Alternate Dispute Resolution Mechanisms.

On August 19, 2026, the parties discussed the possibility of using alternative dispute resolution mechanisms. Plaintiffs would be willing to participate in a conference before a Magistrate Judge or in the District's Mediation Program, or to privately retain a mediator. The parties agree that the use of alternative dispute resolution mechanisms would be most appropriate after the Court resolves the United States' forthcoming dispositive motion, and after the IRS produces the records described above.

8. Miscellaneous Information, including Dispositive or Novel Issues Raised by the Case.

Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(b)(3) and believe that the proposed class includes hundreds of thousands of U.S. taxpayers.

Sincerely,

RYAN C. KIRKPATRICK
Susman Godfrey L.L.P.

JAMES M. MCDONALD
United States Attorney

By: __/s/ ***Jennifer Jude***___
Jennifer Jude
Assistant United States Attorney
86 Chambers Street, 3rd floor
New York, New York 10007
Tel. 212-637-2663
Email: jennifer.jude@usdoj.gov

***Attorney for Defendant***

_____/s/ ***Ryan C. Kirkpatrick***___
Ryan C. Kirkpatrick
Steven M. Shepard
Zachary B. Savage
Jason Bell (*pro hac vice* motion pending)
Casen B. Ross (application for SDNY admission pending)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Telephone: 212-336-8330
Facsimile: 212-336-8340
rkirkpatrick@susmangodfrey.com
sshepard@susmangodfrey.com
zsavage@susmangodfrey.com
jbell@susmangodfrey.com
cbross@susmangodfrey.com

Steven G. Sklaver (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: 310-789-3100
Facsimile: 310-789-3150
ssklaver@susmangodfrey.com

Jonathan L. Holbrook (admitted *pro hac vice*)
Spencer F. Walters (admitted *pro hac vice*)
IVINS, PHILLIPS & BARKER, CHARTERED
1717 K Street, N.W.
Suite 600
Washington, D.C. 20006
Telephone: (202) 393-7600
Facsimile: (202) 393-7601
jholbrook@ipbtax.com
swalters@ipbtax.com

*Attorneys for Plaintiffs*